Carl STEPHAN, Appellant,

v.

CITY OF SAN ANTONIO, Appellee.

No. 13559.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 10, 1960.

Rehearing Denied March 16, 1960.

Carl Wright Johnson, Alfred Offer, San Antonio, for appellant.

Carlos C. Cadena, City Atty., Fred M. Sullivan, Asst. City Atty., San Antonio, for appellee.

POPE, Justice.

Carl Stephan sued City of San Antonio but failed to recover damages for a claimed conversion of his personal property, trade fixtures and equipment. A jury found that city did not take possession of the personal property. Plaintiff's eight points essentially reduce themselves to the claim that there is no evidence in support of the finding, or that the finding is so against the great weight of the evidence as to show that it is manifestly wrong.

City commenced condemnation proceedings for a building that Stephan and others owned. The validity of the condemnation is not the point in this appeal. Stephan and the other owners had two tenants in the building who operated a night club and a restaurant. Stephan owned the furnishings, fixtures and equipment located in the night club and restaurant. On June 16, 1955, commissioners heard the condemnation matter, and on June 22, 1955, filed their award. This hearing concerned the building only and not the contents. On July 26, 1955, city deposited the award in the court and took possession of the real property. City permitted the two tenants to remain for a while on the premises, where they continued to operate their business and to use Stephan's personal property.

The building was razed during the late fall of 1955, and plaintiff's personal prop-

erty disappeared. City denied that it ever possessed the personal property. It was negotiating with the two tenants about their claims against the city for condemning their leasehold, and on October 31, 1956, city settled with the tenants. Plaintiff relies upon answers to certain admissions to prove that the city took possession of his personal property. They show that city admitted that it took possession of the realty and the contents. The admission does not disclose what articles of personal property were inside the building when city took possession of the realty. Plaintiff called on city to admit that it had no knowledge "as to where the personal property, trade fixtures and equipment in question may have been taken by the City after possession of such property from the lessees had been acquired." City admitted this "with the qualification that such items were not taken anywhere by the City."

The proof in this case shows that at least for several months after city took the realty, that plaintiff's lessees, Frank Davila and Antonio Hernandez, continued to occupy the building, and that during this time they had daily use of plaintiff's personal property and equipment. During that period, therefore it was plaintiff's lessees and not city who had actual possession of plaintiff's property. City needed, in time, to obtain possession of the building from Davila and Hernandez, whom it had permitted to remain on the premises. A deputy sheriff testified that he knew the premises, that he had to serve a writ of possession, and that on October 10, 1955, he made his return. He testified that after he received the writ on September 21, 1955, he made several trips to the place, and that Davila and Hernandez were moving things from the premises. When asked whether Mr. Frank Davila moved anything out of the premises, the witness testified: "Yes, sir, he moved things out of there." At different times the deputy sheriff went by the premises. He said, "I would go by there and see trucks out there moving things out, but I didn't pay no mind because.

I knew they was moving out." He said it was Mr. Davila who was moving things out of the building. He testified that he put the city in possession on October 10, 1955, and that at that time the premises were vacant. The evidence supports the idea that the personal property was in the actual possession of plaintiff's lessees continuously up to the time they vacated the premises, and that someone other than city took possession of plaintiff's property. The judgment is affirmed.